# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID G. HOWL,

 Plaintiff,

v.

No. 2:17-cv-00380-PJK-SMV

NOE J. ALVARADO, Individually,

 Defendant.

## ORDER GRANTING MOTION TO DISMISS
## ON THE BASIS OF QUALIFIED IMMUNITY

 THIS MATTER comes on for consideration of Defendant Noe J. Alvarado's Motion to Dismiss on the Basis of Qualified Immunity filed July 7, 2017. ECF No. 15. Upon consideration thereof, the motion is well taken and should be granted.

 Plaintiff David G. Howl seeks damages against New Mexico State Police Officer Noe J. Alvarado for a traffic stop and search of Mr. Howl's vehicle, which resulted in his arrest, pretrial detention, conviction, sentence, and incarceration. Mr. Howl contends that these events infringed on his Fourth and Fourteenth Amendment rights against wrongful search and seizure, false arrest, and malicious prosecution, all in violation of 42 U.S.C. § 1983. ECF No. 8, Amended Complaint, at 1.

Background

Mr. Howl was convicted by a jury of possession of a controlled substance, possession of drug paraphernalia, failure to maintain traffic lane, and no proof of insurance. On direct appeal, the New Mexico Court of Appeals held that Mr. Howl had made a prima facie case of ineffective assistance of counsel based upon trial counsel's failure to move to suppress inculpatory evidence. State v. Howl, 381 P.3d 684, 690 (N.M. Ct. App. 2016), cert. denied, No. S-1-SC-36038 (N.M. Sept. 12, 2016). The court of appeals determined that the officer, aided by a passenger, conducted a warrantless search of Mr. Howl's vehicle and that the evidence obtained from the vehicle and a subsequent search of Mr. Howl incident to his arrest warranted suppression. Id. at 689. The state appellate court remanded the case to the trial court for an evidentiary hearing to determine whether, notwithstanding this omission, Mr. Howl received effective assistance of counsel. Id. at 693. It directed the trial court to vacate the sentence and to dismiss the matter with prejudice if the State were unable to overcome the prima facie showing of ineffective assistance of counsel. Id. In the interest of judicial economy, the court of appeals also rejected all of Mr. Howl's other challenges to the convictions and sentence, including a challenge to the sufficiency of the evidence. Id. at 691–93.

On remand, the state trial court granted Mr. Howl's motion to dismiss, vacated Mr. Howl's sentence, and dismissed the matter with prejudice. ECF No. 8, ¶¶ 28–29.

Discussion

To defeat a motion to dismiss, Mr. Howl must allege sufficient facts to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding whether the facts alleged could lead to the inference that the defendant is responsible for the misconduct, the court disregards facts that are essentially legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Given the defense of qualified immunity, Mr. Howl must show that the officer's actions violated a constitutional or statutory right and that the right claimed was clearly established. Pearson v. Callahan, 555 U.S. 223, 231 (2009). A court is not required to decide both elements if the case can be resolved on one or the other. Id. at 236. Here, "when a warrantless arrest or seizure is the subject of a § 1983 action, the defendant is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff." Cortez v. McCauley, 478 F.3d 1108, 1120 (10th Cir. 2007) (en banc).

The basis of Mr. Howl's § 1983 claim is that he was arrested, detained, convicted, sentenced, and incarcerated based upon evidence that should have been suppressed. For the purposes of this motion, the officer assumes that the initial search of Mr. Howl's vehicle violated the Fourth Amendment. ECF No. 15, at 4. Accordingly, the court assumes that in a criminal trial the contraband (a glass pipe used for methamphetamine and the methamphetamine contained in a cigarette pack found on Mr. Howl's person) would be suppressed given a proper motion.

But this is a civil action where Mr. Howl essentially seeks application of the exclusionary rule notwithstanding the reasonable suspicion for the stop and ample probable cause for the arrest. Courts have been reluctant to extend the exclusionary rule beyond the criminal context because its purpose is to deter police misconduct and safeguard Fourth Amendment rights, rather than serve as personal constitutional right of those aggrieved. Lingo v. City of Salem, 832 F.3d 953, 957–59 (9th Cir. 2016); Townes v. City of New York, 176 F.3d 138, 145 (2d Cir. 1999); Wren v. Towe, 130 F.3d 1154, 1158 (5th Cir. 1997). "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy — including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."[1] Townes, 176 F.3d at 148. Application of the exclusionary rule in the civil context comes at a significant cost: "officers could be forced to pay damages based on an overly truncated version of the evidence." Black v. Wigington, 811 F.3d 1259, 1268 (11th Cir. 2016). Thus, at least six circuits have concluded that it does not apply in the civil context. See also Vaughn v. Chapman, 662 F. App'x 464, 467 (7th Cir. 2016); Machado v. Weare Police Dep't, 494 F. App'x 102, 106 (1st Cir. 2012) (per curiam). Though Mr. Howl attempts to distinguish some of these cases, the

---

[1] The invasion of privacy occasioned by the officer's directing the passenger to open the center console of the vehicle might be a plausible theory, but that simply is not the focus of Mr. Howl's amended complaint.

bottom line is that the law is not clearly established in the Tenth Circuit, such that he could rely upon the exclusionary rule in pressing his federal civil claims; indeed, the converse appears to be true.

The court recognizes that Mr. Howl maintains he is factually innocent and complains that no probable cause would support his arrest and pretrial detention. ECF No. 8, ¶¶ 10–12, at 3–4. But this is belied by the court of appeals' opinion, which rejected Mr. Howl's sufficiency of the evidence arguments employing the beyond a reasonable doubt standard. Howl, 381 P.3d at 691. Although Mr. Howl also maintains that the criminal activity was solely attributable to his passenger and that the officer knew it, the court of appeals noted that the jury was free to reject his explanation of how the contraband appeared. Id.

"An officer is not required to establish guilt beyond a reasonable doubt or to eliminate all other potential suspects before making an arrest, so long as there is a 'substantial probability' that the suspect committed the crime." Patel v. Hall, 849 F.3d 970, 982 (10th Cir. 2017). Additionally, the fact that evidence would not be admissible at trial does not make it unusable to support probable cause. See United States v. Swingler, 758 F.2d 477, 487 (10th Cir. 1985). The officer surely had enough to detain and arrest Mr. Howl: a glass pipe used to ingest methamphetamine was found in Mr. Howl's vehicle and methamphetamine was found on his person. See Hartman v. Moore, 547 U.S. 250, 258 (2006) (lack of probable cause to initiate a criminal action is required for malicious prosecution); Atkins v. Lanning, 556 F.2d 485, 487 (10th Cir. 1977)

(police officer is not liable given probable cause to arrest, even if suspect later turns out to be innocent). Moreover, there is an obvious and critical problem with causation: the prosecutor's decision to charge Mr. Howl and his counsel's failure to file a motion to suppress cannot be attributed to the officer. Although Mr. Howl argues that it was reasonably foreseeable that the officer's conduct would result in Mr. Howl's pretrial detention and that the officer should be jointly and severally liable with other actors, the reasonable foreseeability argument could be made in every case and Mr. Howl has not named other actors. In any event, no facts suggest that the officer made the decision to prosecute or influenced Mr. Howl's public defender. Under these circumstances, Mr. Howl cannot establish a redressable Fourth Amendment violation. Because there was probable cause to arrest and prosecute Mr. Howl, the officer is entitled to qualified immunity, and Mr. Howl has failed to state a claim that he is entitled to relief.

Mr. Howl argues that Chavez v. Board of County Commissioners, 31 P.3d 1027 (N.M. Ct. App. 2008), supports application of the exclusionary rule to § 1983 claims. But Chavez involved a warrantless entry into and search of a home during a child welfare check, not the discovery of contraband (that arguably should have been suppressed) that resulted in arrest and detention. Mr. Howl also argues that the court should be hesitant to adopt a rule that allows an officer who obtained evidence unlawfully to rely upon that evidence in a civil rights action. But at the very least, the law on this point is not clearly established.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Noe J. Alvarado's Motion to Dismiss on the Basis of Qualified Immunity July 7, 2017, (ECF No. 15) is granted.

(2) The amended complaint and action are dismissed with prejudice.

DATED this 15th day of September, 2017, at Santa Fe, New Mexico.

*Paul Kelly, J.*
United States Circuit Judge
Sitting by Designation

Counsel:

Daniel J. Macke, Brown Law Firm, Brown & Gurule, Albuquerque, New Mexico, for Defendant.

Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, for Plaintiff.